IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03031-PAB

CHARLES D. COBB,

       Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

       Defendant.

---

## ORDER

---

This matter is before the Court on plaintiff Charles D. Cobb's complaint [Docket No. 1] filed on November 6, 2013.  Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.  The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

## I.  BACKGROUND

### A.  The ALJ's Decision

On March 18, 2011, plaintiff applied for disability insurance benefits under Title II of the Act.  R. at 169.  Plaintiff alleged that he had been disabled beginning June 1, 2007.  *Id.*  Plaintiff appeared at a hearing conducted by an Administrative Law Judge ("ALJ") on April 5, 2012.  *Id.*  Plaintiff was represented by a "non-attorney

representative" at the hearing.[1]  *Id.* at 169.  On May 18, 2012, the ALJ denied plaintiff's

claim.  *Id.* at 175.  The ALJ found that plaintiff had the severe impairments of status

post right foot surgery and lumbar spine spondylosis.  *Id.* at 171.  The ALJ found that

these impairments, alone or in combination, did not meet or medically equal one of the

regulations' listed impairments, *id.* at 171-72, and found that plaintiff had the residual

functional capacity ("RFC") to "perform light work as defined in 20 C.F.R. § 404.1567(b)

except that the work must be unskilled."  *Id.* at 172.  Based upon this RFC and in

reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that,

"[t]hrough the date[] last insured, . . . there were jobs that existed in significant numbers

in the national economy that [plaintiff] could have performed."  *Id.* at 174.

### B.  Procedural History

The Appeals Council denied plaintiff's request for review of the ALJ's denial on

August 30, 2013.  R. at 6, 13.  Consequently, the ALJ's decision is the final decision of

the Commissioner.  Pursuant to 20 C.F.R. § 422.210(c), plaintiff is presumed to have

received notice of the Appeals Council's denial on September 4, 2013, five days after

the denial was issued.  Consequently, plaintiff's deadline to initiate this appeal was

---

[1]It is unclear why the ALJ referred to plaintiff's representative, Brendan Murphy, as a "non-attorney representative."  A review of the record demonstrates that Mr. Murphy identified himself as plaintiff's "counsel" and signed his filing "Brendan C. Murphy, Esq."  *See* R. at 180, 184.  Mr. Murphy's email signature identifies him as an attorney with the Boston, Massachusetts firm Iannella & Mummolo.  *See id.* at 185. Additionally, the Massachusetts Board of Bar Overseers website reflects that a "Brendan C. Murphy" was admitted to the Massachusetts bar on November 17, 2011 and remains an active bar member. https://massbbo.org/bbolookup.php?sl=Murphy&sf=&sc=&soundex=&hit=18 (last visited March 29, 2016).  Nevertheless, given the ambiguity in the record, the Court will proceed as if plaintiff was not represented by counsel at his hearing.

November 4, 2013, sixty days after plaintiff's receipt of notice.  *See* 42 U.S.C. § 405(g).[2]

Plaintiff did not file his complaint until November 6, 2013, two days after his deadline to

do so.  Docket No. 1.  The same day that plaintiff filed his complaint, plaintiff's counsel

asked the Commissioner for an extension to file the appeal.  R. at 3.  On January 31,

2014, the Commissioner moved to dismiss plaintiff's appeal as untimely.  Docket No. 8.

Plaintiff did not respond to the Commissioner's motion.  On March 12, 2014, Senior

District Judge John L. Kane granted the Commissioner's motion to dismiss, Docket No.

9, and judgment entered in favor of the Commissioner.  Docket No. 10.

On March 14, 2014, plaintiff's counsel again wrote the Commissioner and

requested an extension of time to file this appeal.  R. at 4.  On April 14, 2014, the

Commissioner formally denied plaintiff's request for an extension.  *Id.* at 1-2.  On April

23, 2014, plaintiff filed a motion in the District Court to equitably toll the deadline to file

his complaint, Docket No. 11, which the Commissioner opposed.  Docket No. 13.

Judge Kane granted plaintiff's motion on May 27, 2014 on the ground that plaintiff

"should not be deprived of his day in court because his attorney failed, for whatever

reasons, to file his complaint on time and was two days late in doing so."  Docket No.

14 at 2.  Pursuant to Judge Kane's order, the judgment was vacated and this case was

reopened.

---

[2]Sixty days after September 4, 2013 is November 3, 2013.  However, November 3, 2013 was a Sunday.  Pursuant to Fed. R. Civ. P. 6(a)(1)(C), plaintiff's deadline was the following Monday, November 4, 2013.

## II.  ANALYSIS

### A.  Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole.  *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003).  The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).  "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).  Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Flaherty*, 515 F.3d at 1070.  Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable

4

physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy.  42 U.S.C. § 423(d)(1)-(2).  Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006).  The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)).  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability.  However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity

(RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987).  While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C.  The ALJ's Decision

Plaintiff argues that the ALJ erred by (1) failing to develop the record of plaintiff's impairments between his alleged onset date and the date he was last insured; (2) demonstrating bias by calling into question plaintiff's honesty at the hearing; (3) failing to make sufficient findings of fact and failing to use the correct legal standard in determining plaintiff's RFC; and (4) failing to make sufficient factual findings to support his adverse credibility determination.  *See generally* Docket No. 19.  The Commissioner argues, *inter alia*, that plaintiff's complaint should be dismissed because it was untimely.  Docket No. 20 at 9-10.

### 1.  *Untimely Filing*

The Court first addresses the Commissioner's argument that the Court should dismiss plaintiff's complaint as untimely.  *See* Docket No. 20 at 9-10.  Although the Commissioner does not acknowledge Judge Kane's prior order in her response brief, the Commissioner, in effect, moves for reconsideration of that order.  The Commissioner's motion for reconsideration of Judge Kane's order, embedded in her response brief, is improper.   Pursuant to the local rules of this district, a motion must

be filed as a separate document and cannot be made as part of a response.

D.C.COLO.LCivR 7.1(d).  The Court, therefore, will not dismiss plaintiff's complaint as

untimely and will consider this appeal on the merits.

### 2. *Developing the Record*

Plaintiff argues that the ALJ failed to develop the record by (1) not asking plaintiff

about his impairments, medications, and treatment during the hearing or allowing

plaintiff's representative the opportunity to do so; and (2) relying on a lack of evidence

of disability from the relevant time period without ordering a consultative examination.

Docket No. 19 at 19-20.

The Commissioner bears an affirmative duty to develop the record.  *Lamb v.

Barnhart*, 85 F. App'x 52, 57 (10th Cir. 2003) (unpublished) ("The ALJ must ensure that

a sufficient record exists to evaluate [the claimant's] exertional and nonexertional

limitations.") (citing SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996)).  This duty is not

triggered where sufficient evidence exists in the record to make a disability

determination.  *Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008).  A claimant

establishes the presence of an issue requiring further investigation by submitting "some

objective evidence . . . suggesting the existence of a condition which could have a

material impact on the disability decision requiring further investigation."  *Hawkins v.

Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997).  The ALJ's duty to develop the record is

heightened in the absence of counsel.  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374

(10th Cir. 1992).

The Commissioner argues that the ALJ is not required to ask a claimant any

particular question, Docket No. 20 at 11, and that the ALJ was in possession of plaintiff's disability reports, which were completed closer in time to plaintiff's date last insured and were likely of greater reliability than plaintiff's 2012 testimony concerning his impairments during June 2007. *Id.* at 11-12.  The Court agrees.  Because plaintiff's insured status expired June 30, 2007, R. at 169, plaintiff must prove that he was disabled prior to that date.  *See Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993).  The ALJ was in possession of plaintiff's function report, completed on April 30, 2011, in which plaintiff detailed his claimed impairments.  *See* R. at 450-57.  While, in the ordinary case, an ALJ will question a claimant about his or her subjective complaints of pain, the Court will not second-guess the ALJ's decision to forego an examination of plaintiff regarding his subjective complaints of pain and activities of daily living at a hearing nearly five years after the relevant time period, especially where, as here, plaintiff had the opportunity to detail those complaints in his function report.  Lacking objective evidence from the relevant one-month covered period, the ALJ examined the evidence from before and after that period, including an MRI taken in August 2006 that showed spondylolysis and spondylolisthesis[3] resulting in nerve impingement, R. at 172-73, and treatment for back pain in 2006 that eventually resolved.  *Id.* at 173; *see also id.* at 629, 635-38.  The ALJ noted that there is no objective medical evidence in the record reflecting any functional limitations in 2007 due to plaintiff's back condition.  *Id.* at 173.  The ALJ further noted that plaintiff received

---

[3]Spondylolysis is "[d]egeneration or deficient development of a portion of the vertebra[.]"  Stedman's Medical Dictionary spondylolysis (28th ed. 2005). Spondylolisthesis is "[f]orward movement of the body of one of the lower lumbar vertebrae on the vertibra below it, or on the sacrum."  *Id.* spondylolisthesis.

treatment for ankle problems and underwent surgery on May 31, 2007, but that there

was no evidence that the surgery resulted in RFC limitations. *Id.*; *see also id.* at 592.

Finally, the ALJ notes that there are no medical treatment records for nearly two years

after the date plaintiff was last insured. R. at 173. Plaintiff does not identify any

evidence from the relevant time period that the ALJ ignored or testimony concerning the

relevant time period that plaintiff would have provided, if examined at the hearing, that

would further support a finding of disability. The Court, therefore, finds that the ALJ's

decision not to question plaintiff about his impairments at the hearing was not error.[4]

The Court further finds that the ALJ did not err in failing to order a consultative

examination. If an ALJ cannot obtain the necessary information from a claimant's

medical sources, he "may decide to purchase a consultative examination." 20 C.F.R.

§ 404.1519a(a). The Commissioner has "broad latitude in ordering consultative

examinations." *Hawkins,* 113 F.3d at 1166. A consultative examination may be

ordered "to resolve an inconsistency in the evidence," "when the evidence as a whole is

insufficient to allow" an ALJ to make a determination, or when there is an "indication of

a change" in a claimant's condition that is "likely to affect [his or her] ability to work,

---

[4]Neither of the cases upon which plaintiff relies concerning the ALJ's duty of inquiry to learn a claimant's own versions of the facts involve a similar scenario where the relevant time period is limited to only one month nearly five years before the hearing. In *Dixon v. Heckler*, 811 F.2d 506 (10th Cir. 1987), the Tenth Circuit found that an ALJ who did not question a claimant about her claimed illiteracy, an on-going condition, committed error by relying on the claimant's numerical grade level in finding the claimant literate. *Id.* at 510. Similarly, the inquiries specified in *Musgrave v. Sullivan*, 966 F.2d 1371 (10th Cir. 1992), namely, "(1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities," *id.* at 1375, assume claimed impairments for which a claimant's present-day testimony concerning symptoms, treatment, and activities of daily living would be relevant.

[and] the current severity of [the] impairment is not established." 20 C.F.R.

§ 404.1519a(b).  As the Commissioner argues, it is unclear what, if any, useful

information could have been obtained from a consultative evaluation conducted in 2012

given that plaintiff's date last insured was June 30, 2007 and there is evidence that

plaintiff's condition deteriorated after that date.  *See, e.g.*, R. at 739 (March 2009 record

noting a 2008 carpal tunnel surgery and pain in both knees for the previous year); 727-

28 (records of knee surgery performed in March 2009).

### 3.  Bias

Plaintiff argues that the ALJ demonstrated bias at the hearing by calling plaintiff's

honesty into question.  At the hearing, plaintiff's representative stated that plaintiff filed

amended tax returns in March 2011 covering the years 2007, 2008, and 2009 that

might affect the date plaintiff was last insured.  R. at 47, 64.  The ALJ noted that plaintiff

submitted a work history report indicating that he worked as an insurance broker

between October 2002 and August 2006 and as an insurance office manager from

August 2006 to December 2007, but that plaintiff reported no income during 2003,

2005, 2006, and 2007.  *Id.* at 50.  Based on plaintiff's lack of reported earnings and the

amended tax returns, the ALJ commented that "it looks like [plaintiff] wants to get social

security based upon his earnings, and he hasn't been reporting his earnings.  It looks

like I've got a potential fraud case." *Id.*  Plaintiff's representative then explained that

plaintiff was a self-employed insurance salesman and that plaintiff earned small sums

from renewals of insurance contracts he had sold in previous years.  *See id.* at 51.  The

ALJ allowed plaintiff's representative to make an offer of proof of plaintiff's amended

work history so that the ALJ could determine whether plaintiff's amended returns would

10

affect the date he was last insured.  *Id.* at 64.  In his order, the ALJ stated that plaintiff

had not demonstrated a sufficient basis to toll that date.  *Id.* at 171.

An ALJ "enjoys a presumption of honesty and integrity," *Harline v. Drug*

*Enforcement Admin.*, 148 F.3d 1199, 1204 (10th Cir. 1998), and an ALJ's decision will

not be overturned for bias where a plaintiff "received a full and fair opportunity to

develop the record and to present evidence."  *Qualls v. Astrue*, 428 F. App'x 841, 849

(10th Cir. 2011) (unpublished) (quoting *Puckett v. Chater*, 100 F.3d 730, 734 (10th Cir.

1996)).  Here, plaintiff has not demonstrated that the ALJ's comment is evidence of

bias.  First, the ALJ allowed plaintiff the opportunity to submit evidence that would toll

plaintiff's last insured date.  Second, the ALJ permitted plaintiff's representative to make

a lengthy explanation of plaintiff's failure to report his earnings.  *See* R. at 50-51.  Third,

although plaintiff now argues that the ALJ should have permitted plaintiff to testify

concerning his amended tax returns and any earnings that may have tolled his date last

insured, neither plaintiff nor his representative requested such an opportunity at the

hearing.  *See id.* at 45-69.  Viewing the record as a whole, the Court finds that the ALJ's

statements "do not evidence reliance on extrajudicial information nor do they 'display

clear inability to render fair judgment'" such that a finding that the ALJ was

impermissibly biased is warranted.  *St. Anthony Hosp. v. U.S. Dep't of Health & Human*

*Servs.*, 309 F.3d 680, 713 (10th Cir. 2002) (quoting *Liteky v. United States*, 510 U.S.

540, 551 (1994)).

### 4. Findings of Fact, Legal Standard, and Credibility

Plaintiff argues that the ALJ made insufficient findings of fact and, in ignoring

certain evidence, failed to apply the proper legal standard in evaluating plaintiff's claim

of disabling pain.  Docket No. 19 at 22-24.  Plaintiff further argues that the ALJ did not make sufficient factual findings to support his adverse credibility determination.  *Id.* at 25-26.  Because these issues are intertwined, the Court considers them together.

The Tenth Circuit has held that, when a claimant alleges disabling pain, the proper framework as set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987), requires consideration of "(1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling."  *Branum v. Barnhart*, 385 F.3d 1268, 1273 (10th Cir. 2004) (quotation omitted).  Where the first two prongs have been established, the ALJ must consider the credibility of plaintiff's assertions of severe pain in light of such factors as "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence."  *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (quotation omitted).  "[T]here is not a talismanic requirement that each factor listed in *Hargis* be addressed, but that case sets out generally the kinds of factors that should ordinarily be considered."  *Thompson*, 987 F.2d 1482, 1490 (10th Cir. 1993).

In assessing a claimant's credibility, the ALJ must evaluate both whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimed symptoms and, if so, whether the claimed intensity, persistence,

and limiting effects of the symptoms are credible. *See* SSR 96-7p, 1996 WL 374186, at

*1 (July 2, 1996). "Credibility determinations are peculiarly the province of the finder of

fact" and the Tenth Circuit will uphold such determinations, so long as they are

supported by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

Credibility determinations should not be conclusory, but instead "closely and

affirmatively linked" to evidence in the record. *Id.* In assessing a claimant's credibility,

an ALJ must consider the following factors, in addition to the objective medical

evidence:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996); *see also* 20 C.F.R. § 404.1529(c)(4)

("We will consider whether there are any inconsistencies in the evidence and the extent

to which there are any conflicts between your statements and the rest of the evidence

. . . ."). The ALJ must set forth "the specific evidence he relies on in evaluating the

claimant's credibility," but is not required to undergo a "formalistic factor-by-factor

recitation of the evidence." *Qualls,* 206 F.3d at 1372.

The Court finds that plaintiff has not demonstrated grounds for remand. Plaintiff argues that the Court made no findings concerning the *Luna* and *Hargis* factors despite "evidence in the record about almost all of these factors[.]" Docket No. 19 at 23-24. Since the ALJ found that plaintiff has a medically determinable impairment that could reasonably cause his alleged symptoms, R. at 172, the ALJ's consideration of plaintiff's complaints of disabling pain rests on the ALJ's credibility determinations. *See Hargis*, 945 F.2d at 1489. Although the ALJ did not set out each factor and link it to specific evidence, he was not required to do so. Moreover, the ALJ's opinion reflects that he considered many of the *Hargis* factors, to the extent the ALJ was able to apply them given the lack of evidence from the relevant time period. In particular, the ALJ pointed to a lack of evidence from any medical source that reflects limitations on plaintiff's functional capacity, the fact that, prior to the alleged disability onset date, plaintiff's primary complaints were for back pain that resolved and for problems with his right foot and ankle that did not reflect functional capacity limitations, and that plaintiff did not pursue treatment for nearly two years after the last date he was insured. R. at 173. The ALJ further noted that plaintiff's history of unreported earnings eroded his credibility, including plaintiff's report that he worked 10 hours per day five days per week as an office manager from August 2006 through December 2007, but reported no income from such work. *Id.*; *see also id.* at 438-39. Courts have recognized that "[f]ailure to report income is a valid credibility consideration." *Neff v. Colvin*, 2014 WL 1247718, at *4 (W.D. Wash. Mar. 24, 2014); *see also Felker v. Colvin*, 2015 WL 3832613, at *5 (N.D. Ill. June 22, 2015) (affirming ALJ who made an adverse credibility

14

determination in part because "plaintiff failed to report his income").

Plaintiff argues that there is evidence of conditions that could reasonably cause plaintiff's subjective complaints of pain.  Docket No. 19 at 24.  Plaintiff argues, for instance, that plaintiff's ankle surgery, conducted just before plaintiff's alleged onset date, "could reasonably cause pain and functional impairment even after it has reached maximum healing."  *Id.*  Plaintiff's argument is conjecture and plaintiff does not point to evidence from any acceptable medical source that opined that plaintiff's ankle caused such functional impairment.  Moreover, as previously discussed, the ALJ concedes the presence of severe impairments, but concludes that plaintiff's statements concerning the severity of the impairments from which he suffered during the relevant time period are not fully credible.  The Court finds that the ALJ applied the proper legal standard in assessing plaintiff's impairments, including his complaints of disabling pain, and that the ALJ's adverse credibility determination is supported by substantial evidence.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff Charles D. Cobb was not disabled is **AFFIRMED**.

DATED March 30, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge